UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. SCHUCK, an individual<br><br>    Plaintiffs,<br><br>         v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION aka FANNIE MAE, GMAC MORTGAGE, and DOES 1 to 100,<br><br>    Defendants. | 1:11-cv-691 OWW JLT<br><br>ORDER RE MOTION TO DISMISS COMPLAINT (DOC. 4) |

I. <u>INTRODUCTION.</u>

This federal question action is before the court on Defendants', GMAC Mortgage's ("GMAC") and Federal National Mortgage Association's, ("Fannie Mae") ( "Defendants") motion to dismiss Plaintiff, Williams R. Schuck's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

1

No opposition was filed.

## II. BACKGROUND

Plaintiff is the owner of the real property located at 272 Shepard Lane, Bishop, California 93514 (the "Property"). (Compl. at ¶ 6.) In March 2006, Plaintiff obtained a loan from Homecomings Financial Network, Inc. ("Homecomings") in the amount of $278,000 (the "Loan"). (Doc. 5, Defendants' Request for Judicial Notice ["RJN"], Ex. A.) On July 24, 2006, an Assignment of Deed of Trust was executed which assigned interest in the Deed of Trust to GMAC as beneficiary. (RJN, Ex. B). The Assignment of Deed of Trust was recorded with the Inyo County Recorder's Office on August 21, 2006. (Id.) On July 23, 2010, A Notice of Trustee's Sale was recorded with the Inyo County Recorder's Office. (RJN, Ex. E.) On August 22, 2010, a Notice of Default was recorded with the Inyo County Recorder's Office. (RJN, Ex. D.) A foreclosure sale was held on February 8, 2011, and Fannie Mae became the record title owner of the Property. (RJN, Ex. F.)

Plaintiff alleges the following claims: (1) Slander of Title and Quiet Title; (2) Fraud; (3) Negligent Misrepresentation; (4) "Bad Faith;" (5) Wrongful Foreclosure; (6) Violation of 15 USC § 1692f; and (7) Violation of 12 USC §2605(e)(1)(A). (Compl. ¶¶ 12-101.) Plaintiff seeks a declaration that the Trustee's sale of the Property is null and void; a permanent injunction barring

Defendants from conducting a Trustee's sale of the Property; and damages. (Compl. ¶ 1-9.)

### III. STANDARD OF DECISION

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

3

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While the standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

### IV. DISCUSSION

A. <u>Tender</u>

As an initial matter, Defendants assert that, as best can be construed, Plaintiff is seeking to set aside the completed foreclosure sale; however, a plaintiff cannot set aside a foreclosure sale without pleading tender or the ability to offer

4

tender. *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971) (citing *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901)). The overwhelming majority of California district courts utilize the *Karlsen* rationale in examining wrongful foreclosure claims. *Anaya v. Advisors Lending Group*, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D.Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D.Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); *Montoya v. Countrywide Bank*, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D.Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Williams v. Countrywide Home Loans*, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D.Cal. Sept.15, 1999).

Here, Plaintiff does not allege tender or the current ability to offer tender and no basis to set aside the foreclosure sale exists. All of Plaintiff's causes of action will be discussed, however, as a matter of completeness.

B.  **Slander of Title**[1]

Plaintiff's first cause of action asserts slander of title. Plaintiff alleges Defendants are not the rightful legal owners of the deed of trust or the underlying indebtedness (Compl. ¶ 13) and do not have "the right to demand payments from Plaintiff or to foreclose against Plaintiff's property." (Compl. ¶ 16).

Defendants rejoin that "recordation of a notice of default and a notice of sale are [] privileged acts on which no tort claim of any sort, other than malicious prosecution, may be based."  (Doc. 5, MTD at 5.)

The elements of a claim for slander of title under California law are (1) publication, (2) falsity, (3) absence of privilege and (4) 'pecuniary loss.'" *Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal.App.3d 625, 630, 223 Cal.Rptr. 339 (1986) (*quoting Appel v. Burman*, 159 Cal.App.3d 1209, 1214, 206 Cal.Rptr. 259 (1984)). "A privilege, either absolute or qualified, is a defense to a charge of slander of title." *Id*. Any notice or communication issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and

---

[1] Plaintiff alleges slander of title and quiet title as one cause of action. These are separate causes of action and will be addressed separately.

6

not actionable. *Marty v. Wells Fargo Bank*, CIV S-10-555 GEB DAD, 2011 WL 1103405 at *7 (March 22, 2011)(*citing* Cal. Civ.Code § 2924(d)); *Green v. Alliance Title*, No. CIV S-10-0242 MCE EFB PS, 2010 WL 3505072, at *19 (E.D.Cal. Sept.2, 2010); *Jackson v. Ocwen Loan Servicing*, LLC, No. 2:10-cv-00711-MCE-GGH, 2010 WL 3294397, at *4 (E.D.Cal. Aug.20, 2010) ("The Notices of Default and Trustee's Sale filed by Defendants ... are privileged publications because their filings were required by California law.").

Plaintiff asserts that Defendants did not own Plaintiff's Deed of Trust and "did not have the right" to record the Notice of Default or Notice of Trustee's Sale. Defendants have attached documents to their motion that contradict Plaintiff's allegations. Defendants have attached the Deed of Trust, which indicates that Homecomings was the lender and beneficiary. (*See* RJN, Ex. A.) Defendants have further attached documentary evidence that on July 24, 2006 a duly executed and notarized Assignment of Deed of Trust was recorded with the Inyo County Recorder's Office, which assigned beneficial interest in the Deed of Trust to GMAC.[2] Defendant GMAC was the beneficiary under the Deed of Trust. As a beneficiary, GMAC had the legal privilege to record a notice of default and proceed to a trustee's sale. Defendants' motion to dismiss on slander of title is GRANTED

---

[2] On a motion to dismiss, the plaintiff's allegations need not be accepted as true if they are contradicted by documents subject to judicial notice. (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

7

1  WITHOUT LEAVE TO AMEND.

2  C.    Quiet Title

Plaintiff again alleges that Defendants are not the legal owners of the deed of trust. This allegation is rejected based on Defendants documentation to the contrary. Fannie Mae was granted "all right to title and interest" in the Property following purchase of the Property at the Trustee's sale. (*See* RJN, Ex. F.) Defendants reassert that Plaintiff has not alleged tender and this claim should be dismissed.

A viable complaint for quiet title must include:  (a) description of the property that is the subject of the action; (b) the title of the plaintiff as to which a determination is sought and the basis of the title; (c) the adverse claims to the title of the plaintiff against which a determination is sought; (d) the date as of which the determination is sought; (e) a prayer for the determination of the title of the plaintiff against  the adverse claims."  Code Civ. Proc., §761.020.

Plaintiff cannot quiet title to this property "without discharging his mortgage debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 114 Cal.Rptr. 91, 92 (Cal.Ct.App.1974) (*citing Burns v. Hiatt*, 149 Cal. 617, 87 P. 196, 197 (Cal.1906)); *see also Distor v. U.S. Bank NA*, 2009 WL 3429700, at *6 (N.D.Cal.2009) ("[P]laintifff has no basis to quiet title without first discharging her debt.").

8

Here, the Complaint does not state a claim for quiet title. Plaintiff does not address facts going to all five elements of a quiet title claim. Further, Plaintiff has not alleged his ability to tender his indebtedness. Defendants' motion to dismiss Plaintiff's claim for quite title is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.

D.  **Fraud**

Plaintiff alleges that Defendant GMAC represented it "could and was willing to help Plaintiff renegotiate the loan by allowing Plaintiff to participate in Fannie Mae's loan modification program." Plaintiff further asserts that "GMAC [] told [him] that in order to participate in the loan modification program, Plaintiff would be required to stop making regular payments on the indebtedness secured by the deed of trust." (Compl. ¶ 31.) Defendants rejoin that Plaintiff fails to state a claim which satisfies FRCP 9(b)'s standard. (Doc. 4 at 7.)

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal. App. 4th 1371, 1381 (2006). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156 (1996). There must be a showing "that the defendant

9

intended to induce the plaintiff to act to his detriment in reliance upon the false representation." *Id*.

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Therefore, the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud. *Id*. at 1106 (citations omitted).

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765-766 (9th Cir. 2007). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996) (*quoting Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)); *see also Edejer v. DHI Mortgage Co.*, No. C 09-1302,

10

2009 WL 1684714, *12 (N.D. Cal. June 12, 2009) (dismissing a fraud claim, *inter alia*, where the plaintiff did not allege any of the names of the persons who made the allegedly fraudulent representations and their authority to speak); *Akhavein v. Argent Mortgage Co.*, No. 5:09-cv-00634, 2009 WL 157522, *4 (N.D. Cal. July 17, 2009).

Here, Plaintiff has not specifically alleged which authorized representative of GMAC made any representations related to material facts, with the knowledge that such representations were false and how Plaintiff relied on the alleged misrepresentations. Plaintiff's Complaint is devoid of allegations of any specific representations made by GMAC's officers, directors, or managing agents, which person(s) purportedly made a representation, or in what capacity. Defendants' motion to dismiss Plaintiff's fraud claim is GRANTED WITH LEAVE TO AMEND. One final opportunity to allege a sufficient conflict will be afforded.

E.  Negligent Misrepresentation

Plaintiff asserts that "Fannie Mae and its agents made the false representations negligently and without any reasonable ground to believe them as true. Plaintiff jusitifyably relied on the representations of Fannie Mae [] by, in fact, making mortgage payments to Fannie Mae." Copml. ¶ 40-41.) Defendants again assert that Plaintiff cannot meet the heightened pleading standard.

11

(Doc. 4 at 9.)

The elements of negligent misrepresentation are the same as the elements of intentional fraud except for the requirement of scienter. *Appollo Capital Fund, LLC v. Roth Capital Partners*, LLC, 158 Cal. App. 4th 226 (2007). The plaintiff is not required to allege the defendant made an intentionally false statement. *Id*. Instead, the plaintiff must allege the defendant made a statement without any reasonable ground for believing it to be true. *Id.; Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006).

A complaint for negligent misrepresentation must be pled with the same specificity required for a claim for fraud. *Small v. Fritz Companies, Inc.*, 30 Cal 4th 167, 184 ( 2003). "The policy of liberal construction of pleadings is not generally invoked to sustain a misrepresentation pleading defective in any material respect. [T]he mere assertion of 'reliance' is insufficient." *Cadlo v. Owens-Illinois Inc.*, 125 Cal. App. 4th 513, 519 (2004). The plaintiff must show a bonda fide claim of actual reliance by alleging specifics of actual reliance on the misrepresentation. *Id*.

Plaintiff has not alleged what statements were made, how he relied on the alleged misrepresentations, or which authorized representative of Fannie Mae made any material representations. Plaintiff conclusorily states these unidentified false statements were made "without any reasonable grounds to believe them to be

12

true," but offers no factual support for the allegation. Defendants' motion to dismiss Plaintiff's negligent representation claim is GRANTED WITH LEAVE TO AMEND. One final opportunity will be afforded.

F.  **"Bad Faith" (Breach of the Implied Covenant of Good Faith and Fair Dealing)**

Plaintiff asserts that Defendant "GMAC acted in [b]ad [f]aith by willfully and wantonly ignoring Plaintiff's attemps to modify the loan." Defendants rejoin that the "deed of trust expressly permits the beneficiary or trustee to commence non-judicial foreclosure proceedings upon the borrower's default." (Doc. 4 at 11.)

"[I]t is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (1992). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004); acco*rd, Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 349-50 (2000). The implied covenant cannot be stretched to prohibit a party from doing that which the agreement expressly permits. *Carma Developers (Cal.), Inc.*, 2 Cal.4th at 374-75.

Here, the deed of trust expressly permits the beneficiary or

13

trustee to commence non-judicial foreclosure proceedings upon the borrower's default. (RJN, Ex. A ¶22.) Plaintiff does not deny that he was in default in repaying the loan. The Deed of Trust expressly authorized Defendants to commence foreclosure proceedings against Plaintiff. (RJN, Ex. A.)

However, the deed of trust's "Uniform Covenant" number 16 states that "[t]his security instrument shall be governed by federal law and that law of the jurisdiction in which the Property is located." (RJN, Ex. A at 9.) The Property is located in California; California law governs the deed of trust and sale under Cal. Civ. Code § 2923.5. Section 2923.5 states that a beneficiary or authorized agent may not file a notice of default unless a declaration is included in the notice of default stating that the agent has made contact with the borrower or tried with due diligence to contact the borrower "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5 (a)(2). Here Defendants' Notice of Default declares contact was made with the borrower or that Defendants tried with due diligence to contact the borrower as required by Cal. Civ. Code § 2923.5. (RJN, Ex. D.)

With no opposition from Plaintiff, no evidence of Plaintiff's requests to modify the loan, and the common law allowance to reject allegations contradicted by documents subject

14

to judicial notice pursuant to *Sprewell*, the implied covenant of good faith imposed no duty on Defendants to stop them from exercising the remedy that the deed of trust expressly granted to them upon Plaintiff's default. Defendants' motion to dismiss Plaintiff's claim for breach of the covenant of Good Faith and Fair Dealing is GRANTED WITHOUT LEAVE TO AMEND.

G.   <u>Wrongful Foreclosure</u>

Plaintiff alleges that he is entitled to a permanent injunction barring Defendants from conducting a trustee's sale because (1) Defendants are not the rightful owners of the deed of trust; (2) Plaintiff made numerous written requests of the amount necessary to reinstate the note; (3) and Defendants' allegedly told him to stop making payments on his loan. Defendants assert that (1) Plaintiff has failed to allege tender as required; and (2) his complaint does not rebut the presumption that a non-judicial foreclosure sale was conducted regularly and fairly.[3]

As previously resolved, Defendants are the legal owners of Plaintiff's Deed of Trust and Plaintiff has failed to allege

---

[3] Defendants also assert that the foreclosure sale was conducted properly and Plaintiff's Complaint does not rebut this. Cal. Civ. Code § 2924(c) provides a rebuttable presumption that a foreclosure sale was regularly and fairly conducted. *6 Angels, Inc. v. Stuart-Wright Mortg., Inc.*, 85 Cal.App.4th 1279, 1286 (2001) ("Thus, once a deed reciting that all legal requirements have been satisfied has been transferred to a buyer at a foreclosure sale, the sale can be successfully attacked on the grounds of procedural irregularity only if the buyer is not a bona fide purchaser."). "It is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity." *Melendrez v. D & I Inv., Inc.* 127 Cal.App.4th 1238, 1258 (2005). The Complaint does not allege that the sale was procedurally irregular or that the buyer was not a bona fide purchaser.

tender as required by *Karlsen*. Further, Plaintiff has not opposed Defendants' motion; has provided no evidence of his requests to modify the loan; or Defendants' statements that he stop paying on the loan. Plaintiff's allegations are contradicted by documents subject to judicial notice. *See Sprewell*, 266 F.3d at 988. Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.

H.   <u>Violation of FDCPA, 15 U.S.C.A. §1692f</u>

Plaintiff asserts that "Defendant Fannie Mae is in violation of 15 USC 1692f because it is taking. . . a non-judicial action to effect dispossession of the [Property]." (Compl. ¶ 80.) Defendants rejoin that the Fair Debt Collection Practices Act ("FDCPA") only regulates "debt collectors." (Doc. 4 at 14.) Fannie Mae is not a debt collector under FDCPA; it is a successful bidder at the foreclosure sale. (Doc. 4 at 14.)

A "debt collector" under 15 U.S.C. § 1692a(6) is any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, Fannie Mae was simply the successful bidder at the foreclosure sale. (Defendants' RJN, Exhibit F.) Fannie Mae was not trying to collect a debt from Plaintiff.[4] The FDCPA does not apply here. Defendants' motion to

---

[4] Assuming, *arguendo*, that Fannie Mae was a debt collector, Plaintiff still

16

dismiss Plaintiff's FDCPA claim is GRANTED WITHOUT LEAVE TO AMEND.

I.   <u>Violation of RESPA, 12 USC § 2605, *et seq*.</u>

Plaintiff asserts that on November 16, 2010, he made a qualified written request under the Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2605(e)(1)(A) to Defendants. "The first letter was a request for information under the [RESPA] and the second was a request for an accounting of the amount necessary to reinstate the loan." (Compl. ¶ 86.) No reply was received. Defendants rejoin that Plaintiff has not attached his purported "qualified written request" and, in any case, he received the information he was requesting in the Notice of Default and Notice of Trustee's Sale which stated the amount owing. (Doc. 4 at 15.)

A "qualified written request" is:

> [A] written correspondence. . . that--
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is

---

has no viable FDCPA claim because the "'activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the'" FDCPA. *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. 2008), *quoting Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002); *see also Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009) (same); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (same); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *1 (S.D. Cal. 2008) (same); *Caligiuri v. Wells Fargo Bank, N.A.*, 2008 WL 219613, at *2 (D. Or. 2008) (same); *Miller v. Northwest Trustee Servs., Inc.*, 2005 WL 1711131, at *3 (E.D. Wash. 2005) (same); *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009) ("the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDC[P]A.").

17

        in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 USC § 2605(e)(1)(B).

A loan servicer that receives a qualified written request from the borrower for information relating to the servicing of such loan shall provide a written response acknowledging receipt of the correspondence within 20 days. 12 U.S.C. § 2605(e)(1)(A). Not later than 60 days after the receipt from any borrower of any qualified written request, the servicer shall, "conduct[] an investigation, provide the borrower with a written explanation or clarification that includes--

    (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
    (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

Id. § 2605(e)(2).

Individuals may seek actual damages against loan servicers who fail to comply. 12 U.S.C. § 2605(f).

Here, Defendants state that Plaintiff did not attach the purported "qualified written request" to his complaint and it cannot be known whether the request meets the statues requirements. All factual allegations of the complaint are accepted as true unless, *inter alia*, contradicted by documents subject to judicial notice. *Sprewell*, 266 F.3d at 988. However, Plaintiff does not plead any facts to demonstrate that his

18

alleged request met the requirements under 12 USC § 2605(e)(1)(B) and he cannot state a claim for a violation under 12 U.S.C. § 2605(f).

Defendants further assert that even if it was a qualified written request, Plaintiff already had access to the information he wanted because the Notice of Default and Notice of Trustee's sale, which stated the amount owing, was recorded prior to Plaintiff's request. Defendants' argument is unpersuasive. Pursuant to 12 U.S.C. § 2605(f), once Defendants received the qualified written request they must have conducted an investigation and *responded* to Plaintiff's request within 60 days. Defendants admit this was not done.

However, because Plaintiff does not plead any facts to demonstrate his request met the requirements for a "qualified written request," Defendants' motion to dismiss Plaintiff's claim for violation of RESPA is GRANTED WITH LEAVE TO AMEND.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff claim for:

1. Slander of title is GRANTED WITHOUT LEAVE TO AMEND.
2. Quiet title is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.
3. Fraud is GRANTED WITH LEAVE TO AMEND. One final

19

opportunity will be given.

4. Negligent misrepresentation is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.

5. Breach of the Covenant of Good Faith and Faith Dealing is GRANTED WOTHOUT LEAVE TO AMEND.

6. Wrongful Foreclosure is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.

7. Violation of FDCPA is GRANTED WITHOUT LEAVE TO AMEND.

8. Violation of RESPA is GRANTED WITH LEAVE TO AMEND. One final opportunity will be given.

Plaintiff is granted fifteen (15) days from the date of this order to file an amended complaint in accordance with this order. Horizon is granted thirty (10) days from the date of service of Plaintiff's amended complaint to file a response.

IT IS SO ORDERED.

Dated: June 28, 2011                    /s/Oliver W. Wanger
                                        Oliver W. Wanger
                                        United States District Judge